# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1365V
UNPUBLISHED

| | |
|---|---|
| RACHEL KELLOGG,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: January 18, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On October 13, 2020, Rachel Kellogg filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on November 23, 2019. Petition at 1, ¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 20, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On January 14, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $57,500.00 for her pain and suffering and $4,299.79 for satisfaction of the State of New York Medicaid

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Stipulation, **I award $61,799.79 as follows:**

1. **A lump sum payment of $57,500.00 in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $4,299.79, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the State of New York, in the form of a check payable jointly to Petitioner and New York Department of Health, and mailed to:**

> New York Department of Health
> P.O. Box 415874
> Boston, MA 02241-5874

Stipulation at ¶ 8. Petitioner agrees to endorse the check to New York State Department of Health for satisfaction of the Medicaid lien. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RACHEL KELLOGG,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 20-1365V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 13, 2020, Rachel Kellogg ("petitioner"), filed a Petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") in her left shoulder as a result of an influenza ("flu") vaccine administered on November 23, 2019. Petition at 1. On December 17, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and on December 20, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 24; ECF No. 26.

**I.**　　**Items of Compensation**

　　A.　　Pain and Suffering

Respondent proffers that petitioner should be awarded $57,500.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

　　B.　　Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of New York Medicaid lien in the amount of $4,299.79, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York may have against any individual as a result of any Medicaid payments the State of New York has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about November 23, 2019, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**     **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through a lump sum payment as described below:

A.  A lump sum payment of $57,500.00, in the form of a check payable to petitioner, Rachel Kellogg; and

B.  A lump sum payment of $4,299.79, representing compensation for satisfaction of the State of New York Medicaid lien, in the form of a check payable jointly to petitioner and:

> New York State Department of Health
> P.O. Box 415874
> Boston, MA 02241-5874

Petitioner agrees to endorse the check to New York State Department of Health for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

2

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

DATED: January 14, 2022

3